## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**THRYV, INC.,**

              Plaintiff,

**v.**                                              **Case No. 3:23-cv-00284-BJB**
                                                    *Electronically filed*
**CLARK SCOTT,**

              Defendant.

## JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Thryv, Inc. ("Thryv") has filed a complaint, and motion for default judgment and application for permanent injunction (the "Motion") against Defendant Clark Scott ("Scott" or "Defendant") with the appropriate and necessary sworn testimony and documentation in support of the Motion and application for injunctive relief.

After considering the Motion, the pleadings, and affidavits, the Court is of the opinion that it has jurisdiction over the subject matter and the parties in this proceeding and that the Motion should be **GRANTED**.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that the Court **GRANTS** the motion for default judgment against Clark Scott regarding liability and that Scott must pay $150,000.00, plus interest and costs, in damages to Thryv, Inc.

Moreover, after considering Thryv's application for permanent injunction, the pleadings, the affidavit and other evidence, and arguments of counsel, the Court finds there is evidence that harm is imminent to Thryv. If the Court does not issue the permanent injunction order, Thryv will be imminently and irreparably harmed once investors, potential investors, clients, and potential clients have seen the false posts, website, and related false statements about Thryv. Thryv will not

be able to restore those relationships, its reputation, the value of the company overall, or be fully compensated for the associated losses. As Scott has continued to make statements on his website and social media sites and has continued to escalate his behavior, the Court finds that if Scott is allowed to continue with his campaign of false and defamatory posts, the damage to Thryv will be irreparable. The Court also finds that Thryv has no adequate remedy at law because the damage to its investor relations and its reputation with potential clients cannot be calculated and will be irreparable. Moreover, Thryv has no adequate remedy at law for this kind of ongoing reputational damage. The Court further finds that Thryv has prevailed on the merits at the default judgment stage.

**THEREFORE, THE COURT ORDERS, ADJUDGES AND DECREES AS FOLLOWS:**

"Social Media" includes, but is not limited to, X (formerly known as Twitter), Instagram, Facebook, TikTok and Tumblr.

"Plantation Monthly" means and refers to plantationmonthly.com.

"Lombardy Farm" shall mean and refer to the real property in Talbot County, Maryland owned by Lombardy 1669 LLC.

a.      Defendant Clark Scott is prohibited from publishing, or encouraging others to publish, false, misleading, and/or harassing statements about Thryv and its officers, directors, employees and their family members, and any relationship they have to Lombardy Farm;

b.      Defendant Clark Scott is prohibited from contacting or communicating with, or encouraging others to contact or communicate with, Thryv's officers, directors, employees, and their family members about Lombardy Farm, or about false, misleading, and/or harassing statements about Thryv and its officers, directors, or employees;

-2-

c.     Defendant Clark Scott is prohibited from publicly making any misrepresentation regarding Thryv or its business; and

d.     Defendant Clark Scott must delete all false posts and public statements made concerning Thryv, including, but not limited to, the Social Media posts identified in Thryv's Complaint, the Plantation Monthly and any versions thereof and provide the Court and Thryv with evidence of such deletion.


SIGNED this _____ day of August 2023 at _____ o'clock a.m./p.m.


_____
PRESIDING JUDGE