UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| Thryv, Inc. | ) | |
|     Plaintiff | ) ) ) | Civil Action No. 3:23-cv-284-BJB-RSE |
| v. | ) ) | |
| Clark Scott | ) ) | **ORDER FOR MEETING AND REPORT** |
|     Defendant | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Federal Rules of Civil Procedure 16 and 26, the Court hereby ORDERS:

    1. Magistrate Judge Regina Edwards will conduct a telephonic Rule 16 case management conference on **July 22, 2024 at 11:30 a.m. E.T.** Counsel for the parties shall connect to the Telephonic Status Conference by dialing the toll-free number **1-888-808-6929** and entering access code **2887606**. Parties shall dial into the conference five minutes before the conference.

    2. Regarding any request for a change of the conference date, please contact Magistrate Judge Edwards' Case Manager, Ashley Henry, at Ashley_Henry@kywd.uscourts.gov.

    3. Counsel who participate on behalf of any party shall be (a) fully prepared to discuss all aspects of the case, (b) empowered to commit all counsel for that party to dates agreed upon or ordered, and (c) authorized to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed.

    4. The agenda for the conference shall cover at least the items set forth in Rule 16(c):

        (a) formulation and simplification of the issues;

    (b) admissions and stipulations of fact;

    (c) the need for experts;

    (d) discovery relating to electronically stored information;

    (e) preservation of discoverable information, including electronically stored information, the form in which electronically stored information will be produced (i.e., native format, PDF, paper, etc.);

    (f) whether—at least initially— to limit discovery of electronically stored information to particular sources or custodians, whether to limit computer searches to agreed search terms or methods and whether the parties agree upon what will be preserved;

    (g) the proportional need for discovery in the case;

    (h) consideration of the proposed discovery plan and review of initial disclosures;

    (i) the possibility of settlement or the use of alternative methods of dispute resolution, including mediation or a settlement conference; and

    (j) any need to adopt special procedures for managing potentially difficult or complex issues.

5. The parties shall **confer** within **21 days** from the date of service of this Order, pursuant to Federal Rule of Civil Procedure 26(f)—either in person or by telephone—regarding the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, the disclosures required by Federal Rule of Civil Procedure 26(a)(1), and a proposed discovery plan in order to file a joint status report as set forth below in paragraph 6.

6. Within **14 days** after the Rule 26(f) conference, counsel for the parties shall file a **written joint report** outlining the proposed discovery plan and informing the Court whether prompt settlement of the case is possible. The report shall include:

    (a) the date of the Rule 26(f) conference and the names of the attorneys who participated;

    (b) a brief description of the facts and issues in the case;

    (c) the parties' views and proposals on each of the items set forth in Federal

    Rule of Civil Procedure 26(f)(3) and in paragraph 4 of this Order;

(d) the date the parties will complete (or have already completed) the initial disclosures required by Rule 26(a)(1);

(e) a proposed discovery plan that includes:

    (i) a description of the subjects that require discovery;

    (ii) dates for commencing and completing both fact and expert discovery;

    (iii) any perceived issues regarding the maximum allowable number of interrogatories, requests for admission, and depositions, if any;

    (iv) dates for exchanging reports of expert witnesses;

    (v) dates for supplementations under Rule 26(e);

(f) dates for the plaintiff(s) to amend pleadings or join parties;

(g) dates for the defendant(s) to amend pleadings or join parties;

(h) dates to file dispositive motions;

(i) the parties' estimate of the time necessary to file pretrial motions and materials, including Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists;

(j) final dates to file objections under Rule 26(a)(3);

(k) the parties' beliefs regarding the matter's suitability for mediation, a settlement conference, or another form of alternative dispute resolution;

(l) the parties' estimate regarding the probable length of trial;

(m) the dates mutually convenient with counsel to assign this case for trial; and

(n) whether the parties consent to the jurisdiction of a Magistrate Judge in the matter for *all* purposes, including trial and entry of judgment, pursuant to 28 U.S.C. §636(c).

7. Any party that has not already filed a required disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 shall file one at the time of the parties' joint status report.

June 12, 2024

                               **ENTERED BY ORDER OF THE COURT**
                               **BENJAMIN BEATON, JUDGE**

                               **UNITED STATES DISTRICT COURT**
                               **JAMES J. VILT, JR., CLERK**

                                  **BY** S/ *Anna C. Beilman*
                                      **Anna C. Beilman, Deputy Clerk**