UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00284-BJB

**THRYV, INC.**                                                                      **PLAINTIFF**

**VS.**

**CLARK SCOTT**                                                                     **DEFENDANT**

## ORDER

A telephonic conference was conducted in this action on May 14, 2025 to discuss discovery disputes that arose between Plaintiff Thryv, Inc. ("Plaintiff") and Defendant Clark Scott ("Defendant"). (DN 53). The parties submitted separate memos to the Court before the conference. After a discussion, the Court took the matter under advisement and indicated it would rule on the matter in a separate Order. (*Id.*). The matter has been referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for hearing and determining all pretrial matters, including non-dispositive motions. (DN 17).

### I. Background

On June 5, 2023, Plaintiff filed its complaint against Defendant, alleging defamation, libel, and slander; false light invasion of privacy; harassment; tortious interference with prospective relations; and punitive damages. (DN 1). On June 14, 2023, Defendant was served with summons and a copy of the complaint by personal service. (DN 10 (Return of service stating that the summons and complaint were served on Defendant after he identified himself to the process server and including a physical description of Defendant and a photograph of his residence where he was served). On August 4, 2023, the Clerk entered a default judgment against Defendant after he did

not file an answer. (DN 13). On August 11, 2023, Plaintiff filed its motion for default judgment. (DN 14). After a remote hearing, the Court denied Plaintiff's motion for default judgment without prejudice on January 8, 2024. (DN 19).

On May 23, 2024, Defendant's attorneys entered their notice of appearance on the record. (DN 26). On May 29, 2024, Defendant filed an answer to the complaint in which he alleged that Plaintiff submitted a "demonstrably false" return of service because it said Defendant was served in Louisville on a date when he was in Chicago. (DN 27, at PageID # 182). Plaintiff filed a motion to strike the answer because the answer was filed more than nine months after default was entered and nearly a year after Defendant was served. (DN 29). Plaintiff argued that Defendant should have first filed a motion showing good cause to set aside the entry of default. (*Id*. (citing Fed. R. Civ. P. 55)). On July 8, 2024, Defendant responded in opposition, doubling down on his argument that the return of service was "demonstrably false" and explaining how he became aware of this case. (DN 30). Defendant also argued, among other things, that his answer was analogous to a motion to set aside. (*Id*.). On July 22, 2024, Plaintiff filed a reply, arguing that an affidavit shows that Defendant was properly served, Defendant had not shown that he had a meritorious defense, and that Plaintiff would be prejudiced if the default was set aside. (DN 35).

On the same day Plaintiff filed its reply, the Court conducted a Rule 16 telephonic scheduling conference and entered a Scheduling Order. (DN 34). Discovery commenced and the close of all discovery was set for March 1, 2025. (*Id*.).

Aside from a discovery dispute brought – and resolved – that fall, no other issues were reported to the Court during the discovery period. (*See* DNs 37, 38, 41). In fact, during the January 6, 2025 telephonic status conference with the undersigned, the Parties indicated they were

2

"scheduling depositions and proceeding with the case in accordance with the scheduling order entered on July 22, 2024." (DN 41).

On January 13, 2025, the Court held a remote hearing and denied Plaintiff's motion to strike Defendant's answer to the complaint and set aside the Clerk's entry of default. (DN 44).

Later that month, Plaintiff served its requests for production ("RFPs") and interrogatories ("ROGs") on Defendant. (*See* DN 51). On February 6, 2025, the Parties submitted a Joint Status Report again indicating they expected to complete discovery by the March 1, 2025 deadline but noting that the Parties may "need additional time to complete the depositions and to resolve any issues that may arise from the objections and responses to the written and document discovery." (DN 45).

On February 28, 2025, a day before the discovery deadline, Defendant produced documents in response to Plaintiff's RFPs. (*See* DN 51). The deadline passed without either party raising issues with the Court. On March 7, 2025, Defendant served his responses to Plaintiff's ROGs. (*See id.*). Plaintiff alleges that, in these discovery responses, Defendant promised to produce responsive documents and supplement or amend his responses to the RFPs and ROGs. (*Id.*). But Defendant made no such productions. Additionally, the deposition of a third party, Deon Johnson, was taken but allegedly not complete. (*Id.*).

During their April 16, 2025 telephonic status conference ("TSC"), the Parties disclosed for the first time that there were outstanding issues related to Defendant's discovery responses. (DN 49). In their joint status report following the April 16, 2025 TSC, the Parties reported that they agreed to a mediator and were in the process of selecting a mediation date. (DN 51). Additionally, Plaintiff argued that Defendant's ROG and RFP responses were deficient and that Plaintiff wished to file a motion to compel. (*Id.*). Defendant argued that Plaintiff waived its right to file such a

3

motion and that the requested information is not necessary for trial. (*Id.*). The Court then scheduled a May 14, 2025 telephonic conference ("TC") to attempt to resolve the remaining discovery issues. (DN 52). After hearing from both Parties during the TC, the Court took the matter under advisement. (DN 53).

## II. Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 26, a party may obtain discovery of any non-privileged matter that is relevant to any issue in the case, including interrogatories submitted under Rule 33 or documents requested under Rule 34. Fed. R. Civ. P. 26(b)(1), 33, 34. "[I]f there is *any* possibility that the information sought may be relevant to the claim or defense of any party in the action[,]" a request for discovery meets the relevancy requirement. *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. June 7, 2007). The party resisting discovery "bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Id*.

A party may move for an order compelling discovery when another party fails to adequately respond to properly-served discovery requests. Fed. R. Civ. P. 37(a). Rule 37(a) does not impose a deadline for filing a motion to compel discovery. *Buddenberg v. Est. Weisdack*, 1:18-cv-522, 711 F. Supp. 712, 804 (N.D. Ohio 2024) ("Rule 37(a) permits a party to move to compel discovery, but the rule does not impose a deadline for filing such motions.").

"[D]istrict courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). Courts have denied discovery motions filed after the close of discovery, especially when "the moving party had the information it needed to file the discovery motion and its late filing would prejudice

4

the other party." *Id*. at 643 (citation omitted). On the other hand, "[a] motion to compel filed after the close of discovery could be proper when a party subject to discovery requests fails to provide information until the end of the discovery period and the motion to compel is filed in a timely manner afterward." *Layman v. United Parcel Serv., Inc.*, 3:17-cv-738-CRS, 2019 WL 1966123, at *3 (W.D. Ky. May 2, 2019) (denying a motion to compel as untimely when the motion was filed nearly two months after the close of discovery and there was no just cause for the delay); *but see Morris v. Zurich Am. Ins. Co.*, 5:16-cv-129-TBR-LLK, 2018 WL 1875295, at *2 (W.D. Ky. Apr. 19, 2018) ("Motions to compel filed after the discovery deadline are almost always deemed untimely.").

Pursuant to Local Rule 37.1, "[p]rior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery." LR 37.1. The Scheduling Order in this case reflects this requirement. (DN 34, at PageID # 215). After counsel confers or attempts to confer with opposing counsel, the party must "contact the Magistrate Judge to schedule a telephonic conference concerning the discovery dispute counsel have failed to resolve." (*Id*.). If the discovery dispute persists, the Scheduling Order allows the party to submit a written motion. (*Id*.). The Local Rules do not specify a time limit for a moving party to file a motion to compel after the close of discovery.

### III. Analysis

The Court is concerned that it was not made aware of the present discovery issues until mid-April, over a month after the discovery deadline passed.

Plaintiff did not serve any discovery requests for the first six months of the discovery period and, according to Defendant, this delay was the reason the interrogatory responses were received

5

one week late. Plaintiff waited until January 29, 2025[1] to serve any written discovery on Defendant. (*See* DN 51). Defendant timely responded to the RFPs on February 28, 2025, complying with the thirty-day response deadlines in the Rules. *See* Fed. R. Civ. P. 34(b)(2)(a). Defendant responded to the ROGs on March 7, 2025, outside of the thirty-day response deadline in the Rules. *See* Fed R. Civ. P. 33(b)(2). The discovery period expired on March 1, 2025. (DN 34). The Court was not aware of any outstanding discovery issues until April 16, 2025, over six weeks after the close of discovery. (*See* DN 49).

Plaintiff has not filed a motion to compel but instead seeks leave to do so. (*See* DN 53). Plaintiff asserts that it is following the discovery dispute procedure set forth in the Scheduling Order, which requires a party to attempt to resolve the issue extrajudicially, then schedule a telephonic conference concerning the dispute, then, if the dispute persists, submit a written motion. (*See* DN 34). Because the dispute persisted after attempting to resolve the issue extrajudicially, Plaintiff now seeks leave to file a motion to compel.

After hearing arguments from both sides concerning these issues, the Court does not find Plaintiff's request untimely. Many of Defendant's discovery responses pointed to documents already provided.[2] When Plaintiff meaningfully reviewed those documents and determined that they were nonresponsive, Plaintiff attempted to resolve the issue independent of the Court.[3] Because the responses to the RFPs were produced immediately before the close of discovery and

---

[1] While the Joint Status Report only states Plaintiff served written discovery in late January (*see* DN 51), a memorandum to the Court preceding the May 14, 2025 TC listed January 29, 2025 as the specific date Plaintiff served discovery.

[2] A copy of the discovery responses was provided in Plaintiff's memorandum to the Court preceding the May 19, 2025 TC.

[3] Plaintiff also asserted that a deposition of a third party, taken after the discovery deadline, revealed correspondence between the deponent and Defendant which was not included in Defendant's production of documents. This issue was only raised in a memorandum to the Court and was not discussed during the conference.

the responses to the ROGs were provided after the close of discovery, Plaintiff was unable to follow the discovery dispute process before the end of discovery.

Above all, the Court has "a clear preference for adjudication on the merits." *Layman v. United Parcel Serv., Inc.*, 3:17-cv-738-CRS, 2019 WL 1966123, at *3 (W.D. Ky. May 2, 2019) (citations omitted). "When an act may or must be done within a specified time, the court may, for good cause, extend the time [] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Good cause" is primarily measured by "the moving party's diligence in attempting to meet the deadlines, though courts may also consider prejudice to the nonmoving party." *Layman v. United Parcel Serv., Inc.*, 3:17-cv-738-CRS, 2019 WL 1966123, at *3 (W.D. Ky. May 2, 2019) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). While Plaintiff should have communicated with the Court before the close of discovery or as soon as it detected an issue with the discovery responses, the Court sees that Plaintiff reasonably believed it was following the discovery dispute procedure set forth in the Scheduling Order by attempting to extrajudicially resolve the issue with Defendant first. Although the Court is not pleased by Plaintiff's delay, the Court finds Plaintiff has acted with sufficient diligence to meet the deadlines and follow the procedure set forth in the Scheduling Order. A motion to compel may be appropriate here. Before allowing Plaintiff to file such a motion, however, the Court will invoke its broad discretion and determine what responses it compels on its own motion. No prejudice is posed by this Order because a trial date has not been set and Defendant did not file any dispositive motions.

### A. Interrogatories (ROGs)

During the TC and in his memorandum to the Court preceding the May 14, 2025 TC, Defendant argued that several of the discovery requests are not relevant to any claim or defense in

this case. But aside from ROG No. 15, Defendant did not object to any ROG based on relevance. Plaintiff did not address ROG No. 15 in its memorandum to the Court or during the TC. The issue of relevance as it pertains to ROG No. 15, therefore, appears to be moot. Further, Defendant seemingly based most of his relevance arguments brought up during the May 14, 2025 TC on the idea that the requests were no longer relevant because the District Judge set aside the default and denied Plaintiff's motion to strike Defendant's answer. Defendant could have brought this argument when he responded to the ROGs on March 7, 2025, as the District Judge made the default determination on January 13, 2025. (*See* DN 44). Therefore, the Court finds that Defendant waived the relevance objections based on the District Judge's January 13, 2025 decision. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

The responses to ROG Nos. 2, 3, 5, 7, 11, 21-24 state that Plaintiff should look to documents Defendant already produced.[4] Defendant did not provide any identifying information that would help Plaintiff locate the answer in the documents already produced by. Nevertheless, Plaintiff asserted that it reviewed the documents already produced and was unable to identify answers to the interrogatories. Because Plaintiff reviewed discovery and came up empty-handed despite Defendant's indication otherwise, the Court finds that Defendant must amend the responses to ROG Nos. 2, 3, 5, 7, 11, 21-24 to identify the specific Bates label documents that answer the interrogatories within fourteen (14) days of the entry of this order.

---

[4] Response to ROG Nos. 5, 21-23 also provided a link to a YouTube video. Response to ROG No. 11 included an objection to accounting for every minute of his whereabouts on June 14, 2023 because, he argues, it constitutes inane harassment and is unduly burdensome. But Defendant does not explain how describing one day in detail would be unduly burdensome. The Court will not address Defendant's objection and will instead focus on Defendant's direction for Plaintiff to consult documents already produced.

Plaintiff argued that Defendant's responses to ROG Nos. 1, 8, 9, 11, 14, 21-23 do not comport with Rule 37. *See* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). The Court will conduct an individual Rule 37 analysis for each ROG at issue. Because the Court has already found that Defendant must amend his answers to ROG Nos. 11, 21-23 *supra*, the Court will not repeat the analysis here.

> **ROG No. 1:** State and describe in detail Your qualifications to conduct research into Mr. Walsh's ancestry and the historical and present-day ownership, composition, and intended use or enjoyment of Lombardy Plantation.
>
> **Response to ROG No. 1:** Mr. Scott has 16 years' experience in genealogy, including extensive use of Ancestry.com during that period, and on-line land record research. And he can read, including materials such as Joe Walsh's family tree as previously posted publicly by his wife Missy, detailing his ancestry in to the 1700s. He can also read census records and other sources associated with that tree.

Defendant appears to have disclosed the full scope of his experience. There is no indication that Defendant has other qualifications to conduct the research described in ROG No. 1. The Court finds Defendant sufficiently responded to ROG No. 1.

> **ROG No. 8:** State the updates You have made to Your Plantation Monthly website since June 5, 2023, and describe in detail what those updates entailed.
>
> **Response to ROG No. 8:** Mr. Scott does not keep a daily log of updates but the website is still active today, and prior versions may be available through publicly available internet archives. Recently, the website was updated to refer to DNA evidence from 6 different sources and trees that all link a slave owned by Dr. Stephen White (Walsh's 2nd great grandfather) to Deon Johnson and Dr. White's former slave Philip Samuel Johnson, who likely is Dr. White's son based on DNA evidence and centimorgan distances.

Defendant argues that information surrounding ROG No. 8 is public record. While Plaintiff may be able to uncover updates to the website through third-party internet archival tools or its own observations to changes to the website, Defendant likely has access to the website's history through the account that he uses to administer the website. Obtaining the information through Defendant's account would be much less burdensome than Plaintiff reconstructing the information through speculation or third-party resources. Defendant's response indicated that he understood the changes Plaintiff requests and does not disagree that changes were made, as evidenced by his mention of updates related to DNA evidence. The Court finds that Defendant must amend his response to ROG No. 8 to comply with Rule 37 within fourteen (14) days of this Order.

> **ROG No. 9:** Identify all statements that You have made on Your Plantation Monthly website, Social Media Accounts, and any other platform or medium regarding Lombardy Plantation.
>
> **Response to ROG No. 9:** The website currently contains all such statements.

Plaintiff argues that the response to ROG No. 9 is not truthful based on its own knowledge that the website has been revised. In fact, looking to the response to ROG No. 8, the Court sees that Defendant acknowledged the website has been updated to include "DNA evidence." This indicates that Defendant has failed to comply with Rule 37. While the information may be accessible through public record, as with his website, Defendant likely has easy access to his social media archives through his account profile(s). This information is more burdensome for Plaintiff to access because accounts may be private and inaccessible to Plaintiff or archived and only accessible through third-party internet archival tools. The Court finds that Defendant must amend his response to ROG No. 9 to comply with Rule 37 within fourteen (14) days of this Order.

> **ROG No. 14:** State and describe in detail Your method of transportation used to travel from Louisville, Kentucky to Chicago, Illinois on June 13, 2023, and then back form Chicago, Illinois to Louisville, Kentucky on June 16, 2023.
>
> **Response to ROG No. 14:** Commercial airline.

This answer does not appear to comport with Rule 37. Defendant failed to "describe in detail" his method of transportation with sufficient specificity. The Court finds that Defendant must supplement his answer to ROG No. 14 with identifying information pertaining to his "commercial airline" transportation, as suggested by Plaintiff in its memorandum to the Court, which may include flight information such as flight numbers, airline(s), and departure/arrival times.

Plaintiff argued that Defendant failed to provide truthful responses to ROG No. 13.[5] The ROG and corresponding response are as follows.

> **ROG No. 13:** State and describe in detail the historical and present-day ownership, composition, and intended use or enjoyment of Your personal residence located at 7712 Woodbridge Hill Ln., Prospect, Kentucky 40059.
>
> **Response to ROG No. 13:** Mr. Scott's personal residence was built by him 16 years ago. No other structure was located on the property. It is intended for use and enjoyment as a single-family residence.

Plaintiff argued that Defendant's response that his personal residence "is intended for use and enjoyed as a single-family residence," is false and/or misleading because Defendant markets his residence as a high-end luxury rental property. *See* Prospect Castle, https://www.prospectcastle.com/. Indeed, the website lists the minimum nights a guest may stay, the rate for a standard stay, and the rate to stay during the 2026 Kentucky Derby. *Id*. This appears to contradict Defendant's assertions in his response to ROG No. 13. Parties have a duty to

---

[5] Plaintiff also argued that Defendant failed to provide truthful responses to ROG No. 9, which is addressed *supra*.

supplement discovery as soon as it learns that a prior response is no longer accurate. *See U.S. ex rel. Natural Resources Defense Council v. Lockheed Martin Corp.*, 5:99-cv-170, 2014 WL 6909652 (W.D. Ky. Nov. 17, 2014). This duty continues after the close of discovery. *Trapp v. Fed. Express Corp.*, 647 F. Supp.3d 567, 569 (E.D. Mich. Dec. 21, 2022) (internal citations omitted). The Court therefore finds that Defendant must supplement any inaccurate information within fourteen (14) days of this order.

Finally, Defendant's signature does not appear on the ROG responses. The Court finds that Defendant must amend his answers to fully comply with the Rules. Specifically, Defendant must verify his ROG responses in compliance with Rule 33(b)(5).

### B. Requests for Production (RFPs)

Because Defendant did not pose any objections in his timely response to Plaintiff's RFPs, he waived any objections to the RFPs. *See Servpro Intellectual Prop., Inc. v. Blanton*, 3:18-cv-121-RGJ-CHL, 2019 WL 13215342, at *10 (W.D. Ky. Oct. 24, 2019) ("For requests for production, failure to timely object results in a waiver of the objection.") (citations omitted). Where he has not already done so, Defendant must fully respond and produce documents responsive to Plaintiff's RFPs.

Plaintiff asserted that, while RFP Nos. 1, 5-10, and 30-32 ask for the production of "communications" (defined to include "letters, memoranda, facsimiles, emails, text messages, social media, instant messaging, or any other document."), Plaintiff has only been able to identify five emails and no text or instant messages out of Defendant's production. Plaintiff stated that it is aware of at least one e-mail to Plaintiff's personnel and investors sent by Defendant on July 20, 2023 which was not produced, as well as text messages sent and received by Defendant that is relevant to this case. Plaintiff further states it has been unable to locate any produced documents

12

that are responsive to RFP Nos. 9 and 10 despite Defendant's representations that he would produce responsive documents. Defendant must produce any requested documents not already produced in response to RFP Nos. 1, 5-10, and 30-32 within fourteen (14) days of the entry of this order.

RFP Nos. 2-4 ask for posts that Defendant made to his social media accounts regarding various topics. Defendant did not object to these requests but apparently only produced documents from an Instagram account associated with non-party Missy Walsh. Plaintiff stated that it is aware that Defendant has published information pertaining to these topics on LinkedIn, X (formerly known as "Twitter,") and Instagram. (*See* DNs 1-2, 1-3, 1-4 (posts made by Defendant to his various social media accounts)). Defendant attempted to object to the RFPs in his memorandum to the Court but as discussed *supra*, Defendant waived this objection when he did not make it in his response to the RFPs. The Court finds that Defendant must supplement his production and provide all responsive documents to RFP Nos. 2-4 within fourteen (14) days of entry of this Order.

Plaintiff accused Defendant of unilaterally conditioning his responses to RFP Nos. 1-2, 5, and 30-32 to "posts/communications relating to the statements at issue in this litigation." Plaintiff argued that, because Defendant waived objections, there is no basis for Defendant to withhold any responsive documents. The Court finds that Defendant did not provide a clear objection to the scope of RFP Nos. 1-2, 5, and 30-32. In providing the supplementary information as ordered *supra*, Defendant cannot unilaterally condition his responses to "posts/communications relating to the statements at issue in this litigation."

## C. Third Party Deposition

During the TC, the Parties did not discuss the discovery issues arising from the deposition of third-party Deon Johnson, although the issue was noted in Plaintiff's memorandum to the Court

13

preceding the TC. The deposition was conducted on an unspecified date. Mr. Johnson did not stay for the entire time scheduled for the deposition. (*See* DN 51). Plaintiff stated in a memorandum to the Court that Defendant did not object to the deposition. Defendant previously argued that there is no basis to reopen the deposition. (*Id.*). Mr. Johnson appears to be an important source of information because Defendant purportedly relies on Mr. Johnson's research in making the internet postings central to this case. But the Court does not have sufficient details to make a ruling on the continuance of this deposition. Importantly, the Court is unable to determine time remaining in the deposition. The Court finds that there is an opportunity for the Parties to reach a solution to this issue extrajudicially. The Parties must meet and confer regarding the third-party deposition. Specifically, the Parties must determine the time remaining in the deposition and schedule a time to continue the deposition. The Parties must file a Joint Status Report to the Court within fourteen (14) days of the entry of this Order apprising the Court of their efforts, any solutions reached, and any issues remaining.

### D. Mediation

The Parties indicated in their last status report that they agreed to a mediator and were in the process of selecting a mediation date. (DN 51). The Parties have not indicated whether the mediation was scheduled, has occurred, or was successful. In a Joint Status Report to the Court, the Parties must provide an update on their mediation efforts and, if mediation has not occurred, indicate the date it is scheduled to occur. The Joint Status Report must be filed within fourteen (14) days of this Order.

### IV. Order

Having considered the applicable law, and the Court being otherwise sufficiently advised, Defendant is **ORDERED** to verify his ROG responses in compliance with Rule 33(b)(5).

**IT IS FURTHER ORDERED** the Defendant must amend his responses to ROG Nos. 2, 3, 5, 7, 21-24 to identify the specific base label documents that answer the interrogatories **within fourteen (14) days of the entry of this order.**

**IT IS FURTHER ORDERED** that Defendant must amend his answers to ROG No. 8, 9, and 14 to comply with Federal Rule of Civil Procedure 37(a)(4) **within fourteen (14) days of entry of this order.**

**IT IS FURTHER ORDERED** the Defendant must supplement any inaccurate information in his ROG responses, including but not limited to his response to ROG No. 13, **within fourteen (14) days of the entry of this order.**

**IT IS FURTHER ORDERED** that the Defendant must fully respond and produce documents responsive to Plaintiff's RFPs **within fourteen (14) days of entry of this order.** Specifically, Defendant must supplement his production and provide all responsive documents to RFP Nos. 2-4 and produce any requested communications and responsive documents not already produced in response to RFP Nos. 1, 5-10, and 30-32. In providing the supplementary information, Defendant cannot unilaterally condition his responses to posts/communications relating to the statements at issue in this litigation.

**IT IS FURTHER ORDERED** that the Parties must submit a Joint Status Report to the Court **within fourteen (14) days of the entry of this Order** apprising the Court whether the third-party deposition has been resolved, the status of their mediation and other settlement efforts, and any other outstanding issues.

**IT IS SO ORDERED.**

Copies:      Counsel of Record