UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-cv-284-BJB

**THRYV, INC.**                                                                                                      **PLAINTIFF**

VS.

**CLARK SCOTT**                                                                                                      **DEFENDANT**

## ORDER

    The discovery deadline in this case was on March 1, 2025. Yet it was not until April 2025 that the Parties apprised the Court of Plaintiff's issues with Defendant's written discovery responses. After unsuccessful conferral efforts, the Court took the matter under advisement. The Court reviewed the discovery responses, identified deficiencies, and directed Defendant to cure them. With each supplemental response Defendant provided, Plaintiff returned to the Court to identify a new or outstanding deficiency. Central to these deficiencies is whether Defendant possesses any responsive documents that he has not yet produced. Defendant has consistently represented that he has produced all the responsive documents in his possession and signed a certification to that effect. Yet still, Plaintiff believes that Defendant has additional documents he has not produced, providing evidence of such documents obtained through independent sources. Shown in the exhibit attached to the Parties' most recent joint status report, Defendant's counsel represents that he and Defendant searched through Defendant's social media and are unable to locate the documents Plaintiff identified.

    It is troubling that Defendant is unable to access his own private messages, posts, and comments on social media. Even more so is defense counsel's representation that Defendant "may

well have deleted some materials" since this lawsuit commenced. However, the Court cannot compel a party to produce documents that he does not have possession of. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021). Even so, the Court recognizes Plaintiff's concerns. To that end, if defense counsel cannot find, after a reasonable inquiry, any documents that Plaintiff says exists, counsel must say so in a signed response filed with the Court. This certification ensures that counsel "believes that the documents produced are 'complete and correct[.]'" *Id.* (citing Fed. R. Civ. P. 26(g)(1)). Defendant must file this certification no later than January 5, 2026. Defense counsel is warned that an attorney who makes an improper certification may be subject to sanctions. Fed. R. Civ. P. 26(g)(3); *see also* Fed. R. Civ. P. 11.

    **IT IS SO ORDERED.**

Copies:    Counsel of Record