UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00284-BJB

**THRYV, INC.**                                                                                                             **PLAINTIFF**

**VS.**

**CLARK SCOTT**                                                                        **DEFENDANT**

## ORDER

On August 14, 2025, the undersigned United States Magistrate Judge entered an Order directing Defendant to verify, amend, and supplement his responses to a number of Plaintiff's Interrogatories and Requests for Production. (DN 55). Plaintiff pointed out numerous deficiencies with Defendant's amended responses and production. (*See* DN 59). Most importantly, Plaintiff pointed out that it was aware of numerous responsive documents and communications Defendant had not produced despite his representation that he complied with the Court's Order. (*Id.*). This Court entered another Order directing Defendant to comply with the original August 14, 2025 Order and added that Defendant must submit a certification with the Court that he has produced every responsive document and communication available to him. (DN 63). Defendant filed his certification on November 7, 2025. (DN 68). Plaintiff again took issue with Defendant's amendments and, again, directed the Court to Defendant's failure to produce documents Plaintiff claimed he should possess. (DN 70). The Court entered another Order directing Defendant to complete production and if he was unable to, to provide a statement explaining why he was unable to produce the documents Plaintiff claimed exist. (DN 71). Plaintiff, yet again, alerted the Court of outstanding deficiencies with production, and apprised the Court of its correspondence with defense counsel who represented that, among other reasons Defendant no longer had access to the

responsive documents and communications sought, Defendant "may well have deleted some materials" before May 2024 because he was unaware of this lawsuit. (DN 72). To provide additional assurance that Defendant complied with the prior Orders to the extent that he produced everything in his possession, the Court directed defense counsel to conduct a reasonable inquiry to find the outstanding documents and communications Plaintiff claims to exist and if he could not find them, to say so in a certification filed with the Court. (DN 74). Defense counsel filed the certification (DN 75), and this Court set a telephonic status conference to determine what issues remained and proceed with the case schedule. (DN 76). On the eve of that conference, Plaintiff filed a response to defense counsel's certification (DN 79), and this Court permitted Defendant a brief period to submit a reply (DN 80; *see* DN 82).

Plaintiff alleges that defense counsel failed to conduct a reasonable inquiry in compliance with the certification and that Defendant has failed to comply with the Court's Orders because Defendant still has not produced the additional documents and communications it seeks. In support, Plaintiff sets forth a multitude of issues concerning Defendant's preservation and production of documents throughout discovery. Plaintiff requests the Court again order Defendant to produce all responsive documents and seeks attorneys' fees and costs under Federal Rule of Civil Procedure 37(b) for the time expended in securing Defendant's compliance. Defendant submits, on reply, that at the time Defendant and defense counsel's certifications were signed and filed in the record, he had produced everything in his possession, both his and defense counsel's inquiries were reasonable, and that he has complied with the Court's Orders.

The Court acknowledges and, to an extent, shares Plaintiff's concerns about Defendant's preservation and production of responsive documents and communications in this matter. Yet the Court cannot find that Defendant violated this Court's Orders by failing to produce outstanding

2

responsive documents because, as he and his counsel have certified, he does not possess them. Nor can this Court compel such production. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021) ("The Court 'cannot compel a party to provide information that he or she does not possess'[.]" (quoting *Roden v. Floyd*, No. 2:16-CV-11208, 2019 WL 1098918, at *3 (E.D. Mich. Mar. 8, 2019))). It is also notable that Plaintiff does not proffer facts that suggest Defendant deleted the communications sought while subject to the Orders. As Plaintiff admits, many of the subject communications should have been produced nearly a year ago and defense counsel already explained why Plaintiff was unable to access and therefore produce them. For the same reasons, the Court declines to find that defense counsel failed to conduct a reasonable inquiry at the time he signed and filed his certification; Plaintiff does not proffer facts to support such a finding.[1]

To the extent Plaintiff claims that Defendant has failed to produce responsive documents created after Defendant and defense counsel's certifications, the Court reminds Defendant and his counsel of the ongoing obligation to supplement discovery responses pursuant to Federal Rule of Civil Procedure 26(e). If Defendant has not produced new responsive documents and communications available to him, he must do so.

As discovery is otherwise closed in this matter, the Court must set a dispositive and experts motions deadline. The Parties shall file all dispositive and expert motions no later than April 14, 2026.

**IT IS THEREFORE ORDERED** that Plaintiff's response objecting to Defendant's counsel's certification (DN 79), is **OVERRULED.**

---

[1] The Court declines to consider Plaintiff's request for attorney's fees as Plaintiff has not provided the Court with sufficient information to make such a determination.

**IT IS FURTHER ORDERED** that the Parties shall file all dispositive motions and any motions objecting to the admissibility of expert testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) **no later than April 14, 2026**. Requests for extensions must be made by written motion and will be granted only for good cause.

**IT IS SO ORDERED.**

Copies: Counsel of Record